**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

SHELLIE CRUZ,

       Plaintiff,

    v.                               Case No.: 3:09-cv-533-RV-EMT

NAVY FEDERAL FINANCIAL GROUP
LLC, d/b/a NAVY FEDERAL CREDIT
UNION; and CUNA MUTUAL INSURANCE
AGENCY, d/b/a CUNA MUTUAL GROUP,

       Defendants.
_____/

**<u>ORDER</u>**

      Pending is defendant CUNA Mutual Insurance Agency's motion to dismiss (doc. 6). The plaintiff has filed a response in opposition to this motion.

**I. Background**

      The following facts are taken from the plaintiff's complaint, and they are assumed true for purposes of this order.

      Navy Federal Financial Group LLC ("Navy Federal") is the owner-operator of financial banking institutions in and throughout Florida. CUNA Mutual Insurance Agency ("CUNA") provides various financial services to credit unions, including Navy Federal, and their members and customers. For the time period relevant to this case, the plaintiff, Shellie Cruz, worked at Navy Federal as an Account Specialist IV. During her employment, she purchased multiple payment protection insurance plans that were offered by and through Navy Federal and CUNA (the "plans"). These plans were offered as conditions to personal and auto loans that had been negotiated between the plaintiff and Navy Federal. The plans were also offered as conditions to, and used to induce the plaintiff to enter into, credit card loans that offered her a discounted annual percentage rate ("APR") interest rate as

an employee of Navy Federal. The plans were intended to provide insurance to the plaintiff if she lost her job through involuntary termination.

In or about December 2008, an unknown co-worker accused the plaintiff of bringing a gun to work, an accusation which she denied. Navy Federal conducted an internal investigation, and the plaintiff was eventually terminated for bringing a gun into the workplace and for making certain "threatening remarks." Upon termination, Navy Federal increased the interest rate on her credit cards by approximately five percentage points from the agreed upon APR. The plaintiff filed a claim under the plans, but Navy Federal and CUNA refused to make any payment on her claim based on the allegedly false accusation(s) that had been made against her. This litigation followed.

In her seven-count complaint, the plaintiff has asserted claims for:

| | |
|---|---|
| Count I: | Defamation of character and slander (against Navy Federal); |
| Count II: | Negligent hiring and retention (against Navy Federal); |
| Count III: | Negligent supervision (against Navy Federal); |
| Count IV: | Unjust enrichment (against Navy Federal); |
| Count V: | Breach of contract (against CUNA); |
| Count VI: | Negligent misrepresentation (against both defendants); |
| Count VII: | Fraud in the inducement (against both defendants). |

The complaint was originally filed in the Circuit Court in and for Escambia County, Florida. Navy Federal removed the case to this federal court (on the basis of diversity jurisdiction) and answered the complaint. Pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure, CUNA now moves to dismiss the complaint with respect to the three claims against it.[1]

## II. Standard of Review

A motion to dismiss for failure to state a claim under Rule 12(b)(6) cannot be granted unless the complaint alleges no set of facts which, if proved, would entitle the plaintiff to relief. Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994). On a motion to dismiss, the court must accept all of the alleged facts as true and take all inferences from those facts in the light most favorable to the plaintiff. See Cruz v. Beto, 405 U.S. 319, 322, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972); Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). The Federal Rules do not require a plaintiff to set out in detail the facts upon which he bases his claim. Rule 8(a) only requires a "short and plain statement" showing that he is entitled to relief. Nevertheless, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see also, e.g., Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (explaining that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation'"). Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, supra, --- U.S. ---, 129 S. Ct. at 1949 (quoting Twombly, supra, 550 U.S. at 570). This rule does not "impose a probability requirement at the pleading stage." See Twombly, 550 U.S. at 556. Rather, the

---

[1] Because the case was filed in Florida state court and most of the alleged activities took place in Florida, the substantive law of Florida governs this diversity case. See William Penn Life Ins. Co. of New York v. Sands, 912 F.2d 1359, 1361 (11th Cir. 1990).

*Case No.: 3:09-cv-533-RV-EMT*

test is whether the complaint "succeeds in 'identifying facts that are suggestive enough to render [the claim] plausible.'" <u>See</u> <u>Watts v. Florida Int'l University</u>, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting <u>Twombly</u>, <u>supra</u>, 550 U.S. at 556). "Plausible" is a level of certainty somewhere between "possible" and "probable." <u>See</u> <u>Iqbal</u>, <u>supra</u>, 129 S. Ct. at 1949.

**III. Discussion**

CUNA has advanced several grounds for dismissal. First, with respect to the breach of contract claim (count V), CUNA seeks dismissal (i) because the plaintiff failed to attach the plans to her complaint and/or (ii) because she has otherwise failed to demonstrate that she entered into a contract with CUNA. Second, with respect to the negligent misrepresentation and fraud in the inducement claims (counts VI and VII), CUNA seeks dismissal because the plaintiff has not identified any alleged misrepresentation or fraud by CUNA. Therefore, she has failed to plead those claims with particularity. Each argument will be discussed in turn.

A.     <u>Breach of Contract (count V)</u>

Under Florida law, the three elements of a breach of contract action are: (1) a valid contact, (2) a material breach, and (3) damages. <u>See</u>, <u>e.g.</u>, <u>Beck v. Lazard Freres & Co., LLC,</u> 175 F.3d 913, 914 (11th Cir. 1999) (citing <u>Abruzzo v. Haller</u>, 603 So.2d 1338, 1340 (Fla. 1st DCA 1992)). Both of the arguments CUNA makes with respect to count V implicate the first element, i.e., was there a valid contract between CUNA and the plaintiff?

(i) *Failure to attach the plans*

CUNA first seeks dismissal of the breach of contract claim because the plaintiff did not attach a copy of the plans to her complaint. It is true, as CUNA notes, that Rule 1.130(a) of the Florida Rules of Civil Procedure provides: "All . . . contracts, accounts, or documents upon which action may be brought or defense made . . . shall be incorporated in or attached to the pleading." <u>See</u> <u>also</u> <u>Safeco Ins.</u>

Co. of America v. Ware, 401 So.2d 1129, 1130 (Fla. 4th DCA 1981) (stating that a complaint based upon a written contract "does not state a cause of action until the instrument or an adequate portion thereof is attached to or incorporated" into the complaint). It is also true that the plaintiff did not attach or incorporate the plans or other contractual documents into her complaint.

However, the plaintiff expressly states in her complaint that she "has not been provided a copy of the insurance policy" and that "said policy is in the possession and control of both defendants." Accordingly, the plaintiff states that she "cannot attach documents she does not have in her possession." Taking her statements as true, which I am required to do, it would be inappropriate to dismiss the breach of contract claim for failure to comply with Rule 1.130(a)'s attachment requirement. See, e.g., Amiker v. Mid-Century Ins. Co., 398 So.2d 974, 974-75 (Fla. 1st DCA 1981) (dismissal inappropriate where the plaintiffs did not have the policy in their possession and, therefore, "could not attach to the complaint what they did not have"); Parkway General Hospital Inc. v. Allstate Insurance Co., 393 So.2d 1171, 1172 (Fla. 3rd DCA 1981) (dismissal for failure to attach policy held to be improper where complaint alleged that policy was in the exclusive possession of defendants); Sachse v. Tampa Music Co., Inc., 262 So.2d 17, 19 (Fla. 2nd DCA 1972) ("Failure to attach a copy of the instrument upon which an action is brought may result in dismissal of the case. But where the instrument is not within the pleader's possession or control, as alleged here, such failure to attach should not be fatal to the cause, and the pleader should be given an opportunity, by means of discovery proceedings, to establish the existence of the instrument.").[2]

---

[2] I recognize that Rule 1.130 is a Florida state procedural rule that would not ordinarily be relevant in a federal case. However, because this litigation was filed in state court, and because the federal rules only apply to cases after removal, the state procedural rule applies to the plaintiff's complaint. Beach TV Properties, Inc.

*Case No.: 3:09-cv-533-RV-EMT*

(ii) *Lack of contract between the plaintiff and CUNA*

CUNA next seeks dismissal of the breach of contract claim on the ground that no contract ever existed between the plaintiff and CUNA. Obviously, if CUNA was not a party to the contract, it cannot be liable for breach of contract. See Blue Supply Corp. v. Novos Electro Mechanical, Inc., 990 So.2d 1157, 1159 (Fla. 3rd DCA 2008) (defendant was not a party to the contract under consideration and, therefore, the claims arising under that contract were properly dismissed). For this argument, CUNA attaches to its motion two documents purporting to be excerpts from the plans at issue. According to the documents, the plans were entered into between plaintiff and Navy Federal, and CUNA was not a party to either contract.

In Horsley v. Feldt, 304 F.3d 1125 (11th Cir. 2002), the Eleventh Circuit held that a district court may consider documents attached to a motion to dismiss without converting the motion into one for summary judgment if the attached documentation is (1) central to the plaintiff's claim and (2) undisputed. Id. at 1134. As the plaintiff rightly points out, the documents that CUNA attached to its motion "are simply portions of two different written agreements that bear no signatures." Because the documents are incomplete and unsigned, their authenticity is in dispute and I cannot rely on the exhibits in holding as a matter of law that CUNA was not a contracting party to the plans. See id. (holding that document attached to motion to dismiss may only be considered when it is "undisputed," which in this

---

v. Bellsouth Mobility, LLC, 2006 WL 2982874, at *2 n.2 (N.D. Fla. Oct. 18, 2006) (Rule 1.130(a)'s attachment requirement applied to removed case); see also Lee v. Putz, 2006 WL 1791304, at *3 (W.D. Mich. June 27, 2006) ("[T]he federal rules only applied to Plaintiff's claim after it was removed to this Court. Therefore, at the time Plaintiff filed his complaint [in state court], he was required to comply with the [state procedural] rules"). It is appropriate for me to engage in the above analysis and consider whether plaintiff complied with (or could be excused from complying with) the applicable state rule.

*Case No.: 3:09-cv-533-RV-EMT*

context means "the authenticity of the document is not challenged"). The plaintiff alleges in her complaint that there was a valid contract (see Complaint at ¶¶ 12, 32 (the plans "offered by" and "purchased through" CUNA constituted a contract); a material breach thereof (see id. at ¶ 56 (CUNA "failed and refused to pay for the losses covered under the terms of the policy"); and damages (see id. at ¶¶ 33-34 (alleging that plaintiff suffered financial loss and "was deprived of insurance benefits under the insurance policy that she had purchased"). In short, the three elements for breach of contract have been sufficiently pled in the complaint and that claim is viable --- at least for the time being.[3]

B.     Negligent misrepresentation and fraud in the inducement (counts VI and VII)

       To state a claim for negligent misrepresentation and fraud in the inducement under the law of Florida, a plaintiff must allege that the defendant made a material misrepresentation upon which the plaintiff relied. See Yanks v. Barnett, 563 So.2d 776, 777 (Fla. 3rd DCA 1990) ("In order for a jury to find that there was a negligent misrepresentation, the jury must find, inter alia, that the misrepresentation was material and that the person alleging the misrepresentation relied on the misrepresentation."); Output, Inc. v. Danka Business Systems, Inc., 991 So.2d 941, 944 (Fla. 4th DCA 2008) (fraud in the inducement requires a plaintiff to allege that she suffered injury in justifiable reliance on a misrepresentation of material fact). Because both of these claims relate to fraud rather than negligence, see, e.g., Ostreyko v. B.C. Morton Organization, Inc., 310 So.2d 316, 318 (Fla. 3rd DCA

---

       [3] The plaintiff impliedly concedes that discovery may reveal that the claim for breach of contract against CUNA cannot stand. She states that "[w]hile it may very well be the case that the actual contract documents at issue in this case may result in a necessary amendment to Plaintiff's complaint [if, for example, the complete and authenticated plan documentation shows that CUNA was not a party to the contract], there is currently no admissible record evidence to contradict Plaintiff's allegations."

1975), the claims must be pled with particularity under Florida law and the Florida Rules of Civil Procedure. <u>See</u> Fla. R. Civ. P. 1.120(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with such particularity as the circumstances may permit."); <u>see</u> <u>also</u> <u>Morgan v. W.R. Grace & Co.</u>, 779 So.2d 503, 506 (Fla. 2nd DCA 2000) ("the requirement that fraud be pleaded with specificity also applies to claims for negligent misrepresentation"); <u>In re Mirabilis Ventures, Inc.</u>, 2010 WL 415315, at *3 (M.D. Fla. Jan. 27, 2010) ("Under Florida law, negligent misrepresentation is considered tantamount to actual fraud," and therefore "stricter pleading requirements . . . apply to the negligent misrepresentation claim"). To satisfy the particularity requirement, plaintiff "must specifically identify misrepresentations or omissions of fact, as well as time, place or manner in which they were made." <u>Cedars Healthcare Group, Ltd. v. Mehta</u>, 16 So.3d 914, 917 (Fla. 3rd DCA 2009).[4]

CUNA argues that counts VI and VII should be dismissed against it because the plaintiff has not identified any misrepresentation by CUNA and, even if she has done so, the claims have not been pled with particularity. I agree. The complaint is replete with various allegations against Navy Federal (with respect to its conduct before, during, and after the investigation into the allegation that plaintiff brought a gun to work). The complaint also alleges that the plans at issue were "negotiated between Plaintiff and Defendant NAVY FEDERAL." However, the complaint does not identify any false, misleading, or fraudulent statement that CUNA allegedly made, let alone identify the "time, place or manner in which they were made." <u>See</u> <u>Cedars Healthcare Group, Ltd.</u>, <u>supra</u>, 16 So.3d at 917; <u>see</u> <u>also</u>, <u>e.g.</u>, Fla. R. Civ. P. 1.120(b).

---

[4] As noted in <u>supra</u> note 2, state law and the Florida Rules of Civil Procedure apply to CUNA's motion to dismiss insofar as this action was filed in state court. The federal rule (<u>see</u> Fed. R. Civ. P. 9(b)) is essentially the same.

Accordingly, the claims for negligent misrepresentation and fraud in the inducement (count VI and VII) must be dismissed. The dismissal will be without prejudice, however, to allow the plaintiff an opportunity to plead those claims with the requisite specificity.[5]

## IV. Conclusion

For the above reasons, CUNA's motion to dismiss (doc. 6) is GRANTED in part and DENIED in part. Specifically, the motion is DENIED with respect to count V, but the motion is GRANTED with respect to counts VI and VII. Those latter claims are DISMISSED, without prejudice. The plaintiff shall have fourteen (14) days in which to file an amended complaint, in lieu of which dismissal of counts VI and VII (with respect to CUNA) shall be with prejudice.


DONE and ORDERED this 17th day of February, 2010.


*/s/ Roger Vinson*
ROGER VINSON
Senior United States District Judge

---

[5] Although I will allow the plaintiff an opportunity to amend, I note that even if she is able to satisfy the particularity requirement, the claims will likely fail if the facts later reveal that CUNA was not a party to the contract --- as the defendant's currently incomplete and unauthenticated exhibits appear to show. See, e.g., Blue Supply Corp. v. Novos Electro Mechanical, Inc., 990 So.2d 1157, 1159 (Fla. 3rd DCA 2008) (fraud and fraud in inducement claims arising out of contract properly dismissed where the evidence showed defendant was not party to the underlying contract at issue).

*Case No.: 3:09-cv-533-RV-EMT*